J. David Nick (SB#157687)
345 Franklin Street
San Francisco, CA 94102
Tel: (415) 552-4444
Fax: (415) 358-5897

E. D. Lerman (SB#241471)
45060 Ukiah Street
P.O. Box 802
Mendocino, CA 95460
Tel: (707) 937-1711
Fax:(707) 937-2209

Attorneys for Plaintiff
**Jane Doe, a minor, and
Kristen D. Guardian ad Litim**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCOSCO DIVISION

\* \* \* \* \* \*

| | |
|---|---|
| JANE DOE, a minor, through KRISTEN D., Guardian ad Litim<br><br>Plaintiff,<br><br>vs.<br><br>WILLITS UNIFIED SCHOOL DISTRICT, WILLITS CHARTER SCHOOL, SALLY RULISON, CLINT SMITH and DOES 1 through 40.<br><br>Defendants. | CASE NO. CV-09 3655<br><br>**COMPLAINT FOR DAMAGES FOR: VIOLATION OF CIVIL RIGHTS; AND FOR DAMAGES UNDER; THE CALIFORNIA TORT CLAIMS ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.   This case arises out of the sexual molestation of Plaintiff, JANE DOE, a minor, who at the time of the incident was 15 years of age, by her schoolteacher, Defendant, Clint Smith, who at the time of the incident was a 38-year old male.

## GENERAL ALLEGATIONS

### I.
### JURISDICTION

2. This action arises under the Civil Rights Act of 1871, 42 U.S.C. Sections 1983, 1985 and 1988, and the First, and Fourteenth Amendments to the Constitution of the United States. This Court has jurisdiction of these claims under 28 U.S.C. Section 1331, 1332, 1343(3) 1343(4), 2201, and 2202, providing for original jurisdiction over claims arising from civil rights violations. This action also arises under the California Tort Claims Act (California Government Code[1] Gov Code §§ 810 et seq), the California Bane Act (California Civil Code[2] § 52.1) and Article I, Sections 13, 15 and 17 of the California Constitution[3]. This court has pendent jurisdiction over the state claims.

### II.
### VENUE

3. Venue is appropriate in this Court under 28 U.S.C. section 1391(b) as all of the acts and events giving rise to the claim occurred within this judicial district and the defendant resides within this judicial district.

### III.
### INTRADISTRICT ASSIGNMENT

4. The San Francisco division of this Court is appropriate pursuant to Civil L.R. 3-2(d), as all of the acts and events giving rise to the claim occurred within the County of Mendocino.

### IV.
### PARTIES

5. Plaintiff, JANE DOE was at all times mentioned herein a citizen of the United States, the State of California and a resident of the County of Mendocino. Since Plaintiff is a

---

[1] California Government Code is hereinafter "CGC".

[2] California Civil Code is hereinafter "CCC".

[3] California Constitution is hereinafter "Cal Const".

Page 2 of 17
**COMPLAINT**

person of tender age, a minor under eighteen years of age, who has suffered sexual harassment and abuse, said exceptional circumstances require Plaintiff to use fictitious name in order to maintain her privacy. Plaintiff, JANE DOE, is suing Defendants herein through her mother, KRISTEN D., Guardian ad Litem.

6. Defendant, WILLITS UNIFIED SCHOOL DISTRICT (hereinafter "WUSD") is a public entity that conducts at all times mentioned herein was conducting business in the County of Mendocino, California. Defendant, WUSD, is a public entity designated to administer laws and programs related to the education of children.

7. Defendant, WILLITS CHARTER SCHOOL (hereinafter "WCS") a public entity that at all times mentioned herein was conducting business in the County of Mendocino, California. Defendant, WCS, is a public entity designated to administer laws and programs related to the education of children pursuant to a charter granted by WUSD for the establishment of a charter school formed and organized pursuant to the California Charter School Act of 1992.

8. Defendant, SALLY RULISON (RULISON), is, and at all times mentioned, employed by WCS as the director/principal of WCS whose official duties are the implementation of the policies of the Willits Charter School Board of Directors and to oversee the day-to-day operations of the school. At all times mentioned herein was conducting business in the County of Mendocino, California.

9. Defendant, CLINT SMITH, is, and at all times mentioned, employed by WCS as school teacher of WCS and was a teacher of JANE DOE who at all times mentioned herein was conducting business in the County of Mendocino, California.

10. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 30, inclusive. Each of these fictitiously named parties has acted as agent of, or in concert with, the named defendants in the matters referred to herein and is responsible in some manner for the damages suffered by PLAINTIFF. PLAINTIFF will amend this complaint to add the names and capacities of such defendants when ascertained.

11. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them are the agents and/or employees and/or parent, subsidiary or sister corporations of each other and are responsible for the acts complained of herein and in so acting were functioning as the owner, shareholder, principal, agent, servant, partner, joint-venturer, alter-ego, employee, proxy and/or managing agent of the Defendants herein, and in performing the acts mentioned herein were acting, at least in part, within the course and scope of such authority and with the permission and consent of the Defendants.

12. Defendants, SALLY RULISON and DOE 1 are also being sued herein in their individual capacities, as they were acting according to individual and/or official capacities, in the course and scope of their duty, and in performing all of the acts alleged herein, Defendants acted under color of state law and under the official policy, custom and practice of WILLITS UNIFIED SCHOOL DISTRICT and WILLITS CHARTER SCHOOL.

13. Plaintiff is informed and believes, and thereon alleges, that the above Defendants, managing agents, and supervisors, aided, abetted, condoned, permitted, approved, authorized and/or ratified the unlawful acts described herein.

## V.
## FACTUAL ALLEGATIONS AND BACKGROUND
## COMMON TO ALL CLAIMS FOR RELIEF

14. Plaintiff hereby incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff timely filed her government tort claim, connected to her state causes of action, pursuant to the California Government Tort Claim Act.

16. Plaintiff is informed believes, and thereon alleges that Defendants, WUSD and WCS receive Federal financial assistance thus the provisions of Title IX of the Education Amendments of 1972, 20 U. S. C. §§ 1681-1688 (Title IX) apply to said defendants.

17. Plaintiff is informed believes, and thereon alleges that WUSD has failed to comply with all oversight responsibilities required by law, including, but not limited to, those required by the California Charter School Act of 1992.

18. JANE DOE is informed and believes, and thereon alleges, that in or about the months of March 2008 through January 2009, JANE DOE was attending the WILLITS CHARTER SCHOOL, in the WILLITS UNIFIED SCHOOL DISTRICT, whereby her teacher, CLINT SMITH, began sexually molesting her.

19. The sexual molestation of JANE DOE by SMITH began during the month of March 2008, with acts consisting of kissing and sexual fondling. SMITH'S molestation of JANE DOE escalated during a WILLITS CHARTER SCHOOL camping trip at Yosemite National Park in June 2008, during which time SMITH engaged in oral sex with JANE DOE. SMITH also sexually fondled JANE DOE during the June 2008 camping trip at Yosemite National Park.

20. In the months of May or June 2008, JANE DOE and SMITH were observed by Kristen D (KRISTEN), the minor's mother, and an unknown number of WILLITS CHARTER SCHOOL students and at least one parent of a WILLITS CHARTER SCHOOL student, at a party, which was held at a WILLITS CHARTER SCHOOL teacher's residence, attended by JANE DOE'S classmates and other teachers of the WILLITS CHARTER SCHOOL, where SMITH was observed holding JANE DOE'S hand, was observed fondling and "cupping" JANE DOE'S buttocks. KRISTEN became enraged and physically attacked SMITH in the presence of other WILLITS CHARTER SCHOOL teachers. She was then asked to leave the party, and has not been welcomed to any WILLITS CHARTER SCHOOL related social events since. A parent of another WILLITS CHARTER SCHOOL student observed SMITH hanging on JANE DOE with KRISTIN under his other arm. but, However, at that point, she stopped paying attention to SMITH, JANE DOE and KRISTEN. A short while later, two other WILLITS CHARTER SCHOOL students approached the parent and reported to her that they had just seen SMITH grab JANE DOE'S buttocks. A few days after said party, the parent reported the situation between SMITH and JANE DOE that she had witnessed and heard about to a Willits Charter School Board member (named herein as DOE 1). Soon afterwards the parent approached the same Willits Charter School board member, DOE 1, and was told by the board

member, DOE 1, that SALLY RULISON, the principal of Willits Charter School, was already aware of the situation and was 'handling it."

21. In September 2008, the sexual molestation of JANE DOE by SMITH escalated to unprotected sexual intercourse. JANE DOE never had sexual intercourse prior to SMITH'S first act of sexual intercourse with JANE DOE. During the months of September 2008 through January 12, 2009, SMITH engaged in sexual intercourse with JANE DOE, during and after school hours, at his residence, and in the back of his Toyota Hybrid SUV in a bank parking lot during school recess. At times when SMITH and JANE DOE were not in physical contact, SMITH would enter into an on-line video chat almost daily with JANE DOE, while he was naked, and ultimately masturbated in full view of his activated his webcam, completely exposed to JANE DOE. At one point in time, SMITH received numerous nude photographs of JANE DOE on his computer via the internet.

22. In addition to the aforementioned June 2008 reports provided by a Willits Charter School Board member, DOE 1, to RULISON, RULISON further learned about the sexual relations between SMITH and JANE DOE in early December 2008. Despite the reports she received in June and December 2008, RULISON continued to permit SMITH and JANE DOE to engage in a teacher student relationship. She took no measures to prevent any physical contact or emotional entanglement between SMITH and JANE DOE after either the June 2008, or December 2008 reports of SMITH'S inappropriate conduct.

23. The State of California has provided in its Education Code that California public schools have an affirmative obligation to combat, among other acts, sexism and any forms of sexual harassment on school grounds directed at an individual, including a student that creates a hostile and/or annoying environment. The State of California, specifically in Education Code section 200 and otherwise, mandates by law that all persons shall have equal rights and opportunities in educational institutions in the state regardless of their sex. Education Code section 201 provides that public schools have a responsibility to provide for equal educational opportunity and to maintain an environment free from harassment based on a person's personal

characteristics that creates a hostile environment or jeopardizes equal educational opportunity as guaranteed by the United States Constitution.

24. The law of the State of California, as stated in Education Code section 212.5 and otherwise, provides that sexual harassment consists of unwelcome sexual advances or other verbal, visual, or physical conduct of a sexual nature, made by someone in the educational setting in which submission is implicitly made a condition of the individual's academic status or progress or in which the conduct has the effect of having a negative impact upon the individual's educational performance or of creating an intimidating, hostile, or offensive educational environment.

25. The law of the State of California specifically provides in Penal Code section 647.6 that it is a criminal offense to annoy children under the age of 18. The Plaintiff herein was under the age of 18 at the time of the events alleged to have occurred.

26. The law of the State of California also provides in Penal Code section 288 that it is a criminal offense to commit any lewd or lascivious act, upon or with the body, or any part or member thereof, of a child who is of 14 or 15 years, and that person is at least 10 years older than the child, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child. The Plaintiff herein was the age of 15, and Defendant CLINT SMITH was over ten years older than the plaintiff, at the time of the events alleged to have occurred.

27. California Penal Code section 11165.1 further defines sexual abuse as sexual assault or sexual exploitation as set forth in Penal Code section 647.6, and further defines sexual assault as including, but not limited to, the intentional touching of a child's genitals or intimate parts including breasts, genital area, groin, inner thighs and buttocks or the clothing covering them for purposes of sexual arousal or gratification.

28. The law of the State of California in California Penal Code section 11166 provides that certain persons must report child abuse or neglect to Child Protective Services and/or to the nearest police agency when he or she knows or reasonably suspects that a child,

more specifically a student, has been the victim of child abuse or neglect. A reasonable suspicion, by law, means that it is objectively reasonable for a person to entertain a suspicion, based upon facts that could cause a reasonable person in a like position, drawing when appropriate on his or her training and experience, to suspect child abuse or neglect. By law, a local law enforcement agency shall have the jurisdiction to investigate any report of child abuse following such a report.

29. Plaintiff was a student at WCS, within the WILLITS UNIFIED SCHOOL DISTRICT operating system, and as such is entitled to equal protection of the law under the United States Constitution and entitled to the benefits of Title IX of the Education Amendments of 1972 and the protection of California law as more specifically set forth herein.

## VI.
## FIRST CAUSE OF ACTION
### Violation of 42 U.S.C. 1983 – Failure to Train and Supervise
### (AS TO DEFENDANTS: WILLITS UNIFIED SCHOOL DISTRICT, and WILLITS CHARTER SCHOOL, RUILSON, AND DOE 1)

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31. Defendant WILLITS CHARTER SCHOOL is a program of education and instruction for young people enrolled in grades 6-12. The management of the educational system is structurally in the form of a pyramid, with WILLITS UNIFIED SCHOOL DISTRICT at the top, then down through the administrators within the governing board of the WILLITS CHARTER SCHOOL, and then to the director/principal, RULISON, then to the various teachers. WILLITS CHARTER SCHOOL'S rules and regulations are governed by the State of California.

32. Plaintiff is informed and believes, and thereon alleges that WILLITS UNIFIED SCHOOL DISTRICT delegated its authority to enforce the laws, statutes and policies within its jurisdiction, and within the WILLITS CHARTER SCHOOL to the board members of the WILLITS CHARTER SCHOOL and the director/principal of the WILLITS CHARTER

SCHOOL.

33. Under the Fourteenth Amendment of the United States Constitution, JANE DOE'S liberty interest includes a student's substantive due process right to be free from sexual abuse and violations of her bodily integrity by government employees, including the right to be free from teacher-to-minor student sexual molestation. SMITH, an employee and teacher of WILLITS CHARTER SCHOOL, sexually assaulted JANE DOE, thereby depriving JANE DOE of her liberty interest to be free from sexual abuse by a government employee.

34. Plaintiff is informed and believes, and thereon alleges that each and every board member of the WILLITS CHARTER SCHOOL and the director/principal of the WILLITS CHARTER SCHOOL, are officials who possess authority to take corrective action to end acts of sexual discrimination upon receiving knowledge of any acts of sexual discrimination occurring within the WILLITS CHARTER SCHOOL institution.

35. Plaintiff is informed and believes, and thereon alleges that WILLITS UNIFIED SCHOOL DISTRICT and WILLITS CHARTER SCHOOL had knowledge of previous misconduct by SMITH approximately three months prior to SMITH'S assaults on JANE DOE between September 2008 and January 2009, which included unprotected sexual intercourse.

36. As alleged herein, prior to SMITH'S unprotected sexual intercourse with JANE DOE between September 2008 and January 2009, a board member of WILLITS CHARTER SCHOOL, DOE 1, and RAULISON, both received reports about SMITH'S inappropriate sexual conduct with JANE DOE, which included, but was not limited to, SMITH'S fondling of JANE DOE'S buttocks.

37. Neither the a board member of WILLITS CHARTER SCHOOL, DOE 1, or RAULISON took any affirmative action prior to SMITH'S sexual intercourse with JANE DOE between September 2008 and January 2009, in response to the June 2008 reports of SMITH'S sexual misconduct with JANE DOE.

38. The deliberate indifference and inaction in response to said knowledge, permitted the environment which enabled SMITH to make physical contact with JANE DOE

and further molest JANE DOE to continue, enabling SMITH to cause JANE DOE to become emotionally entangled with SMITH, which enabled SMITH to further sexually molest, and to repeatably have sexual intercourse with JANE DOE.

39. Defendants, WILLITS UNIFIED SCHOOL DISTRICT and WILLITS CHARTER SCHOOL, RULISON deprived JANE DOE of her liberty interest under the Fourteenth Amendment, and this deprivation was the proximate result of:

  a. JANE DOE being subjected to a sexually hostile environment;
  b. SMITH'S intentional misconduct;
  c. WILLITS UNIFIED SCHOOL DISTRICT and WILLITS CHARTER SCHOOL, DOE 1 and RULISON being provided actual notice of the SMITH'S intentional misconduct, to an appropriate person, who was at a minimum an official of the educational entity with authority to take corrective action and to end the sexual harassment and misconduct;
  d. WILLITS UNIFIED SCHOOL DISTRICT, WILLITS CHARTER SCHOOL, DOE 1 and RULISON'S custom or practice of ignoring prior reports of SMITH'S sexual misconduct;
  e. WILLITS UNIFIED SCHOOL DISTRICT, WILLITS CHARTER SCHOOL, DOE 1 and RULISON failed to take prompt, appropriate action in response to the reports of SMITH'S sexual misconduct;
  f. WILLITS UNIFIED SCHOOL DISTRICT, WILLITS CHARTER SCHOOL, DOE 1 and RULISON'S failure to train SMITH regarding appropriate behavior once WILLITS UNIFIED SCHOOL DISTRICT, WILLITS CHARTER SCHOOL, DOE 1 and RULISON became aware of such misconduct; and
  g. WILLITS UNIFIED SCHOOL DISTRICT, WILLITS CHARTER SCHOOL, DOE 1 and RULISON'S deliberate indifference to the danger in which they placed JANE DOE by permitting an environment which

enabled SMITH to continue to molest JANE DOE and enabling SMITH to cause JANE DOE to become emotionally entangled with SMITH, which enabled SMITH to repeatably have sexual intercourse with JANE DOE.

40. As a direct and proximate result of Defendants' unlawful actions, which were willful, wanton, malicious and oppressive as alleged herein, JANE DOE suffered physical, emotional, punitive and other damages entitling her to compensation under 42 U.S.C. Sections 1983 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

## VII.
## SECOND CAUSE OF ACTION
**Violation of Title IX of the Education Amendments of 1972, 20 U.S.C.S. §§ 1681-1688**
**(AS TO DEFENDANT WILLITS UNIFIED SCHOOL DISTRICT, WILLITS CHARTER SCHOOL, RULISON, and SMITH)**

41. Plaintiff hereby incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

42. Title IX of the Education Amendments of 1972 (Title IX) provides in pertinent part that, "no person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

43. It is well established that when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor discriminates on the basis of sex. The same rule applies when a teacher sexually harasses and abuses a student.

44. Title IX encompasses sexual harassment of a student by a teacher and is enforceable through an implied private right of action for damages against an educational institution pursuant to the provisions of Title IX.

45. Plaintiff is informed and believes, and thereon alleges JANE DOE suffered extraordinary harm when she was subjected to sexual harassment and abuse by SMITH, and

that the SMITH'S conduct was reprehensible and undermines the basic purposes of the educational system.

46. Plaintiff is informed and believes, and thereon alleges that WILLITS UNIFIED SCHOOL DISTRICT delegated its authority to enforce requirements that effectuate the non-discrimination mandate provided by Title IX, within the WILLITS CHARTER SCHOOL to the board members of the WILLITS CHARTER SCHOOL and the director/principal of the WILLITS CHARTER SCHOOL.

47. Plaintiff is informed and believes, and thereon alleges that RULISON and DOE 1 are agents of the WILLITS UNIFIED SCHOOL DISTRICT, and agents of the WILLITS CHARTER SCHOOL.

48. Plaintiff is informed and believes, and thereon alleges that RULISON and DOE 1 were, at all relevant times, officials of the WILLITS UNIFIED SCHOOL DISTRICT, and WILLITS CHARTER SCHOOL who possessed the authority to take corrective action to end the discrimination alleged herein.

49. Plaintiff is informed and believes, and thereon alleges that RULISON and DOE 1 failed to take prompt, appropriate action in response the June 2008 reports of SMITH'S sexual misconduct involving JANE DOE, and were deliberately indifferent towards said reports.

50. Defendants, WILLITS UNIFIED SCHOOL DISTRICT and WILLITS CHARTER SCHOOL, discriminated against JANE DOE under Title IX, and this discrimination was the proximate result of:

  a. JANE DOE was subjected to a sexually hostile environment or quid pro quo sexual harassment;

  b. Defendants, WILLITS UNIFIED SCHOOL DISTRICT and WILLITS CHARTER SCHOOL were provided actual notice of the situation to an "appropriate person," who was an official of the educational entity with authority to take corrective action and to end discrimination; and

    c.    WILLITS UNIFIED SCHOOL DISTRICT and WILLITS CHARTER SCHOOL'S response to the harassment amounted to deliberate indifference.

51.    As a proximate result of the acts of Defendants, WILLITS UNIFIED SCHOOL DISTRICT and WILLITS CHARTER SCHOOL, PLAINTIFF suffered severe emotional distress in the form of humiliation, mental anguish, anxiety, emotional distress, alienation and physical distress.

52.    As a direct and proximate result of defendant's conduct, PLAINTIFF was injured in mind and body and has suffered general damages in an amount to be determined by proof at trial.

53.    As a further proximate result of the aforementioned acts of Defendants, each of them, PLAINTIFF was required to and did employ physicians/therapists to examine, treat and care for PLAINTIFF, and incurred additional medical expenses in amounts not yet ascertained. PLAINTIFF has been informed and believes and thereon alleges that she will incur additional medical expenses in the future, the exact amounts of which are currently unknown.

54.    As a further direct and proximate result of Defendants' unlawful actions as alleged herein, PLAINTIFF suffered physical, emotional and other monetary damages entitling her to compensation, and damages under Title IX of the Education Amendments of 1972, 20 U.S.C.S. §§ 1681-1688.

### VIII.
### THIRD CAUSE OF ACTION
### Denial of Equal Protection
### Entitling relief under 42 U.S.C. Sections 1983
### (AS TO DEFENDANT CLINT SMITH)

55.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 54 above.

56.    The Equal Protection Clause creates the right to be free from any purposeful sex discrimination by state actors.

57. PLAINTIFF was discriminated against on the basis of her gender by Defendant CLINT SMITH, under color of law, and denied her right to equal protection in violation of PLAINTIFF'S civil rights under the Fourteenth Amendment of the United States Constitution.

58. As a proximate result of the acts of Defendant, CLINT SMITH as alleged, PLAINTIFF suffered physical and emotional injuries all of which have caused, and continue to cause, PLAINTIFF great mental, physical and nervous pain and suffering. PLAINTIFF is informed and believes and thereon alleges that these injuries will result in some permanent disability to him. As a result of these injuries, PLAINTIFF has suffered general damages in amounts not yet ascertained.

59. As a further proximate result of Defendants' acts, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for legal services, medical services, and other sundries reasonably required in the treatment and relief of the injuries herein alleged in amounts not yet ascertained.

60. As a further proximate result of the acts of Defendants, PLAINTIFF has incurred, and will continue to incur, legal, medical and related expenses. The full amount of the aforementioned expenses are not known to PLAINTIFF at this time.

61. As a further direct and proximate result of Defendants' unlawful actions, which were willful, wanton, malicious and oppressive or negligent as alleged herein, PLAINTIFF suffered physical, emotional and other damages entitling her to compensation under 42 U.S.C. Sections 1983 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

## IX.
## FOURTH CAUSE OF ACTION
### Negligent Hiring and Supervision
### Entitling relief under CGC § 810 et seq and CEC § 200 et seq
### (DEFENDANTS: WUSD and WCS)

62. PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 61 above.

63. SMITH, in his capacity as a teacher employed by WUSD and WCS, and Defendants, WUSD and WCS, violated the prohibition against sexual harassment in educational institutions as provided by California Education Code sections 200, 212.5, 212.6, 220 and 230.

64. The plaintiff belongs to a class of persons that California Education Code sections 200, 212.5, 212.6, 220 and 230 is intended to protect, to which a private remedy is under California Education Code section 200.

65. A special relationship is formed between a school district and its students so as to impose an affirmative duty on the district to take all reasonable steps to protect its students. Thus, a special relation exists between Defendants, WUSD and WCS, and Defendant CLINT SMITH which imposes a duty upon WUSD and WCS, to control the conduct of CLINT SMITH.

66. WUSD and WCS owed a duty of care JANE DOE to prevent her from being sexually molested by her teacher. Upon Defendants, WUSD and WCS actual notice that CLINT SMITH was sexually harassing and molesting JANE DOE, it was foreseeable with a degree of certainty that CLINT SMITH will continue to molest and sexually harass JANE DOE.

67. Upon Defendants, WUSD and WCS'S actual notice that CLINT SMITH was sexually harassing and molesting JANE DOE, said defendants failed to act, and responded to said notice with deliberate indifference, including their continuing employment of CLINT SMITH, and their failure to supervise CLINT SMITH. As a result of said defendants' deliberate indifference plaintiff suffered injury.

68. As a further proximate result of Defendants' acts, PLAINTIFF has been damaged in that he has been required to expend money and incur obligations for legal services, medical services, drugs, and other sundries reasonably required in the treatment and relief of the injuries herein alleged in amounts not yet ascertained.

69. As a further proximate result of the acts of Defendants, PLAINTIFF has incurred, and will continue to incur, legal, medical and related expenses. The full amount of the aforementioned expenses are not known to PLAINTIFF at this time.

70. As a further direct and proximate result of Defendants' unlawful actions as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling her to compensation, and damages under the California Tort Claims Act, CGC § 810 et seq and California Education Code § 200 et seq.

## X.
## FIFTH CAUSE OF ACTION
### Invasion of Privacy
### Entitling relief under CGC § 810 et seq and CEC § 200 et seq
### (DEFENDANT: RULISON)

71. PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 70 above.

72. On, or about, February 3, 2009, Defendant, RULISON, requested Plaintiff to not attend school, where upon Plaintiff's absence from school. RULISON made a public announcement to the entire student body, or a majority of the student body, disclosing intimate facts pertaining to the committed by SMITH upon Plaintiff, including details of the sexual misconduct alleged herein.

73. Facts and circumstances connected to the victim of a sex-offence are private, more so when the victim is a minor.

74. The matter made public by RULISON was one of which would be offensive and objectionable to a reasonable person of ordinary sensibilities.

75. As a result of the public announcement, Plaintiff suffered humiliation and other harm, resulting in injury.

76.     As a direct and proximate result of Defendant's unlawful actions as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling her to compensation, and damages under the California Tort Claims Act, CGC § 810 et seq.

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury on all of the above causes of action.

WHEREFORE, PLAINTIFF prays for the following relief as to all causes of action:

A. A judgment awarding PLAINTIFF general, damages to plaintiff in an amount to be determined by the trier of fact as sufficient to compensate the plaintiff for the injuries described in this complaint;

B. An award of punitive damages to plaintiff in an amount to be determined by the trier of fact as sufficient to punish each defendant against whom these damages are awarded and sufficient to deter similar conduct in the future by these defendants;

C. A judgment awarding PLAINTIFF reasonable attorneys fees;

D. A judgment awarding PLAINTIFF his costs of suit; and

E. Such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: August 7, 2008

Editte Lerman
Attorney for Plaintiff
JANE DOE