IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

        Plaintiff,

  v.

WILLITS UNIFIED SCHOOL DISTRICT, et al.,

        Defendants.

No. C 09-03655 JSW

**ORDER TO SHOW CAUSE**

On March 8, 2010, this Court granted Defendant Willits Charter School ("WCS") and Defendant Sally Rulison's (collectively "Defendants") motion for judgment on the pleadings primarily on the basis that a money judgment would be satisfied out of state funds and the school would therefore be considered an arm of the state for Eleventh Amendment immunity purposes.[1] On March 16, 2010, this Court granted Plaintiff leave to file a motion for reconsideration of the order based on Plaintiff's discovery of the Willits Charter School Memorandum of Understanding which indicated that use of the general purpose entitlement funding was restricted to the provision of educational services for school-age children and that WCS operated as a California non-profit 501(c)(3) corporation with its own assets. In response, WCS submitted a declaration from one of its founders and current business manager indicating that the source of 92% of the WCS general fund comes from the State and that the general fund covers the school's costs and operating expenses, including *inter alia*, any general liabilities

---

[1] The Court also *sua sponte* dismissed Plaintiff's Section 1983 claim against Willits Unified School District without leave to amend. That ruling remains in full force.

incurred by WCS. (Declaration of Jason Erlick at ¶¶ 1, 3, 6.) According to the holding in *Belanger v. Madera Unified School District*, this funding from the State, if used to satisfy a potential judgment, would be sufficient to satisfy the requirements for Eleventh Amendment immunity. 963 F.2d 248, 252 (9th Cir. 1992).

As general rule, the Court may not consider matters beyond the pleadings in ruling on a motion to dismiss under Rule 12(c). *See Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999). If however, a party submits materials that are beyond the pleadings and the Court does not exclude the materials, the motion should be treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and all parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

"Federal Rule of Civil Procedure 56(f) provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). When a summary judgment motion is filed early in the litigation, district court "should grant any Rule 56(f) motion fairly freely." *Burlington N. Santa Fe R.R. Co. v. Assinibone & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, (9th Cir. 2003); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f) facially gives judges discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). However, the party requesting that a court stay a motion for summary judgment pending further discovery must submit "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *VISA Int'l Serv. Assoc. v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).

In her reply on the motion for reconsideration of the original order granting Defendants' motion for judgment on the pleadings, Plaintiff somewhat obliquely refers to Federal Rule of Civil Procedure 56(f) while claiming that it would be premature to rule on the charter school's funding issue as the matter is "currently in discovery." (Reply at 2.)

Here, the Court finds that it must convert Defendants' original motion for judgment on the pleadings to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Further, the Court finds that Plaintiff's passing reference to Rule 56(f) does not suffice to constitute a formal request to continue ruling on the motion and for permission to conduct discovery. Accordingly, the Court issues this order to show cause to Plaintiff why the motion for summary judgment should not be granted without permitting Plaintiff to conduct further discovery. If Plaintiff wishes to conduct further discovery pursuant to Rule 56(f), Plaintiff must respond by no later than April 23, 2010 by submitting an application which specifically identifies relevant information she would seek in discovery if given leave, with some basis for believing that the information sought exists. *See VISA Int'l*, 784 F.2d at 1475. Based solely on the current record, the Court is inclined to grant summary judgment in favor of WCS and Rulison on the basis of Eleventh Amendment immunity. However, because the Court must convert the motion for judgment on the pleadings to one for summary judgment and because Plaintiff has made an, albeit oblique, request to conduct discovery, the Court will grant Plaintiff an opportunity to identify with specificity what she seeks to find in discovery which could defeat the pending motion for summary judgment. Once it has received Plaintiff's submission, the Court will adjudicate whether there is cause to open discovery on the State funding and the charter school's operational issues or whether to grant summary judgment on the current record.

**IT IS SO ORDERED.**

Dated: April 14, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3