1
2
3
4
5
6
7
8  UNITED STATES DISTRICT COURT
9  NORTHERN DISTRICT OF CALIFORNIA
10
11 JANE DOE, a minor, through KRISTEN D.,          No. C-09-03655-JSW (DMR)
   Guardian ad Litem,
12                                                  **ORDER RE DEFENDANTS'**
              Plaintiff,                            **APPLICATION TO ADVANCE**
13                                                  **HEARING DATE ON DEFENDANTS'**
       v.                                           **MOTION TO COMPEL DEPOSITION**
14                                                  **OF PLAINTIFF**
   WILLITS UNIFIED SCHOOL DISTRICT,
15 et al.,
              Defendants.
16 _____/
17
18        On May 6, 2010, Defendants e-filed an *Ex Parte* Application to Advance the Hearing Date
19 on Defendants' Motion to Compel Deposition of Plaintiff.  *See* Docket No. 65.  Plaintiff did not file
20 an opposition to Defendants' Application.  *See* Civ. L.R. 6-3 (c) (requiring any opposition to a
21 motion to shorten time to be filed no later than four (4) days after receiving the motion).  Having
22 reviewed Defendants' moving papers and the accompanying declaration of Marina B. Pitts, the
23 Court DENIES Defendants' Application to Advance the Hearing Date in part, and GRANTS it in
   part.
24
25                                  **I.  BACKGROUND**
26        On April 1, 2010, the parties in this action submitted to Judge White a joint letter brief
27 detailing their discovery dispute regarding the deposition of Plaintiff.  On April 7, 2010, the
28 discovery dispute was referred to this Court.  On April 28, 2010, Defendants Willits Charter School

and Sally Rulison e-filed (1) a Motion to Compel Deposition of Plaintiff and (2) a Motion for Sanctions. Defendants noticed June 1, 2010 (34 days after the filing date) for a hearing on the motions. *See* Docket Nos. 53, 55. The following day, on April 29, 2010, Defendants re-noticed the motions for a hearing on June 10, 2010. *See* Docket Nos. 57, 59. The Court advised Defendants' counsel that (1) pursuant to the Court's Standing Order, parties should confirm the Court's availability on the Court's on-line calendar prior to noticing a motion, and (2) June 10, 2010 had been previously marked as unavailable on the on-line calendar. On May 4, 2010, Defendants again re-noticed the motions for a hearing on June 24, 2010. *See* Docket Nos. 61, 63.

The last day for all discovery in this action is July 9, 2010. *See* Docket No. 17 (Judge White's Scheduling Order, Dec. 7, 2009). Based on the impending discovery deadline, Defendants have moved for an order advancing the hearing date on the Motion to Compel Deposition from June 24, 2010 to "no later than June 10, 2010 in order to allow the defendants time to complete the deposition process and adequately prepare any follow up discovery." *See* Docket No. 65 (Application re Motion to Compel Deposition at 3-4).

## II. **DISCUSSION**

Under Civ.L.R. 6-3(a) and (d), the Court may grant a motion to hear a motion on shortened time if the moving party: (1) sets forth with particularity, the reasons for the requested shortening of time; (2) describes the efforts the party has made to obtain a stipulation to the time change; (3) identifies the substantial harm or prejudice that would occur if the Court did not change the time; (4) describes the moving party's compliance with Civ.L.R. 37-1(a); (5) describes the nature of the underlying dispute that would be addressed in the motion and briefly summarizes the position each party had taken; (6) discloses all previous time modifications in the case, whether by stipulation or Court order; and (7) describes the effect the requested time modification would have on the schedule for the case.

Although Defendants state that their discovery motion must be heard "no later than June 10, 2010 in order to allow the defendants time to complete the deposition process and adequately prepare any follow up discovery, in order to allow the timely preparation and filing of a dispositive motion," *see* Docket No. 65 (Application re Motion to Compel Deposition at 3-4), the Court finds

2

that Defendants do not set forth with sufficient particularity the reasons for the requested shortening of time. Specifically, Defendants do not describe why a hearing on June 24, 2010 precludes the parties' compliance with the July 9, 2010 discovery cutoff; nor do Defendants explain the significance of June 10, 2010 as the last date for hearing that would allow compliance. Furthermore, Defendants do not describe their efforts to obtain a stipulation to the time change, as required by Civ.L.R. 6-3(a). Nonetheless, the Court underscores that because no opposition has been filed, Plaintiff appears to have no objection to a motion hearing earlier than the 35-day noticed motion required under Civ.L.R. 7-2. Moreover, in light of the July 9, 2010 discovery cutoff and the unusual circumstance of the Court's unavailability on two Civil Law and Motion dates during May and June, the Court finds that some shortening of time is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Application to Advance the Hearing Date in part, and GRANTS it in part. The Court denies Defendants' request to set the hearing on the Motion to Compel Deposition no later than June 10, 2010. However, Defendants' Motion to Compel Deposition will be heard on **June 16, 2010**. Accordingly, the briefing schedule for Defendants' Motion to Compel Deposition of Plaintiff shall be as follows:

Plaintiff's opposition shall be filed by no later than **May 26, 2010.**

Defendants' reply to Plaintiff's opposition shall be filed by no later than **June 2, 2010.**

On **June 16, 2010**, the hearing on Defendants' Motion to Compel Deposition of Plaintiff will be held at **3:00 p.m.** in Courtroom 4, 3rd Floor, U.S. District Court, 1301 Clay Street, Oakland, California 94612.

IT IS SO ORDERED.

Dated: May 12, 2010

_____
DONNA M. RYU
United States Magistrate Judge