1  TIMOTHY P. MURPHY, ESQ. (120920)
   DOLORES M. DONOHOE, ESQ. (111432)
2  EDRINGTON, SCHIRMER & MURPHY LLP
   2300 Contra Costa Boulevard, Suite 450
3  Pleasant Hill, CA  94523-3936
   Telephone:  (925) 827-3300
4  Facsimile:   (925) 827-3320

5  Attorneys for Defendant WILLITS UNIFIED SCHOOL DISTRICT

6

7                UNITED STATES DISTRICT COURT

8                NORTHERN DISTRICT OF CALIFORNIA

9  | JANE DOE, a minor, through KRISTEN D., Guardian ad Litem, | CASE NO.: CV 09-3655 JSW |
   |---|---|
   | Plaintiff, | [PROPOSED] JUDGMENT BY COURT |
   | vs. | DATE:<br>TIME:<br>COURTROOM: 11, 19th Floor |
   | WILLITS UNIFIED SCHOOL DISTRICT, WILLITS CHARTER SCHOOL, SALLY RULISON, CLINT SMITH and DOES 1-40, | TRIAL DATE: 11/01/2010 |
   | Defendants. | |

16      Defendant WILLITS UNIFIED SCHOOL DISTRICT's Motion for Summary Judgment

17  having been granted on May 27, 2010, a copy of said Order is attached hereto as Exhibit A and
                                     Defendant Willits Unified School District's unopposed motion for entry
18  incorporated herein by reference. of judgment pursuant to Federal Rule of Civil Procedure 54(b) is
                      HEREBY GRANTED.
19      NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that judgment

20  shall be entered in favor of defendant WILLITS UNIFIED SCHOOL DISTRICT, that plaintiff,

21  JANE DOE, a minor, through KRISTEN D., Guardian ad Litem, shall recover nothing by way of

22  her Complaint, and that defendant shall recover from said plaintiff its costs of suit herein.

23

24  DATED: July 14, 2010                              _____
                                                       JUDGE JEFFREY S. WHITE

---

1

[PROPOSED] JUDGMENT BY COURT

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

    Plaintiff,

v.

WILLITS UNIFIED SCHOOL DISTRICT,

    Defendant.

No. C 09-03655 JSW

**ORDER GRANTING DISTRICT'S MOTION FOR SUMMARY JUDGMENT**

Now before the Court is the motion for summary judgment filed by Defendant Willits Unified School District ("District"). The Court finds the motion appropriate for decision without oral argument and HEREBY VACATES the hearing set for June 4, 2010. *See* N.D. Civ. L.R. 7-1(b). Having considered the parties' pleadings, relevant legal authority, for the reasons set forth in the remainder of this Order, the Court GRANTS the District's motion for summary judgment.

**BACKGROUND**

Plaintiff was a minor student at Willits Charter School ("WCS") when she was allegedly subjected to sexual molestation by her teacher Clint Smith, beginning in March 2008 and continuing through January 2, 2009. Defendant WCS is a charter school established pursuant to The Charter Schools Act of 1992, California Education Code § 47600 *et seq*. Defendant District is the school district that approved the WCS Charter. According to the uncontested evidence submitted in connection with this motion, the District is a separate legal entity from WCS. Based on this legal independence, the District moves for summary judgment on the

remaining claims for violation of Title IX and for negligent hiring and supervision. Plaintiff argues that because Smith's sexual molestation of Plaintiff was reported to a teacher employed by the District at a school-sponsored party, the District may be held liable.

The Court will address additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A.  Legal Standard on Motion for Summary Judgment.

A court may grant summary judgment as to all or a part of a party's claims. Fed. R. Civ. P. 56(a). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251

(7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     Motion for Summary Judgment.**

Plaintiff contends that Gina Hirsch, a teacher with the District, received reports from witnesses indicating that Smith, a WCS teacher, sexually molested Plaintiff at a school party. Plaintiff argues that Hirsch had a duty to report the incident and had authority to take corrective action, and her liability is imputed to her employer, the District.

According to the undisputed facts in the record presented to the Court, Gina Hirsch, while employed as a teacher with the District, attended a private party which was promoted by the charter school, in her role as a parent of a student who also attended the charter school. The party, which was held annually in memorial of Steven Graham and promoted exclusively by the charter school, occurred in June 2008. At the party, two students observed Smith fondling Plaintiff and reported the inappropriate behavior to another parent attending the party, Tamara Pearn, who then reported the information to Hirsch. Following the party, the sexual molestation of Plaintiff continued and escalated in intensity.

Plaintiff contends that Hirsch, who was informed of the alleged sexual molestation early on and as a teacher employed by the District, had the duty to report the incident to authorities as required under the Child Abuse Reporting Act. *See* Cal. Penal Code § 11166. The Act requires the reporting of known or reasonably suspected incidents of "child abuse" to a "child protective agency" which would include law enforcement agencies. Cal. Penal Code § 11166(a). The duty to report "applies to a 'child care custodian' (which would include a school district) 'who has knowledge of or observes a child, *in his or her professional capacity or within the scope of his or her employment*, whom he or she knows or reasonably suspects has been the victim of child abuse' (which includes sexual abuse). Reasonably construed, the act was intended to protect only those children in the custodial care of the person charged with reporting the abuse ...." *Randi W. v. Muroc Joint Unified School District*, 14 Cal. 4th 1066, 1087 (1997) (citations omitted) (emphasis added).

3

Because it is undisputed that Hirsch attended the WSC party as a parent of a student at the charter school and not in her professional capacity or within the scope of her employment as a teacher for the District, she does not qualify as a child care custodian in that context and was under no legal obligation to report the alleged molestation that was reported to her. Although the Court finds the allegations regarding Hirsch's conduct to be morally reprehensible, there is no legal consequence of her inaction on behalf of her employer, the District.

As both Plaintiff and the District have repeatedly contended, there is no other legal relationship of responsibility or imputed knowledge of the alleged molestation of Plaintiff to the District. (*See, e.g.,* Declaration of Counsel, Ex. 4 at 6; Ex. 5 at 14.) Accordingly, without being able to consider the conduct of Hirsch, the allegations made against the District cannot stand and the District's motion for summary judgment of the remaining claims is GRANTED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the District' motion for summary judgment on all remaining claims.

**IT IS SO ORDERED.**

Dated: May 27, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4