UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLITS UNIFIED SCHOOL DISTRICT,<br><br>　　　　Defendant.<br>_____/ | No. C-09-03655 JSW (DMR)<br><br>**REPORT AND RECOMMENDATION RE DEFENDANT WILLITS UNIFIED SCHOOL DISTRICT'S MOTION FOR ATTORNEYS' FEES (DOCKET NO. 143)** |

This matter has been referred to the undersigned for a report and recommendation on Defendant Willits Unified School District's Motion for Attorneys' Fees (Docket No. 143). The Court finds the motion appropriate for decision without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Having considered the parties' briefs and accompanying submissions, the Court hereby recommends that Defendant's motion for attorneys' fees be DENIED.

**I. FACTUAL BACKGROUND**

Plaintiff Jane Doe was a minor student at Willits Charter School ("WCS") when she allegedly was sexually molested by her teacher, Clint Smith ("Smith"), beginning in March 2008 and continuing through January 2009, during and after school hours and at school activities. Defendant WCS is a charter school established pursuant to The Charter Schools Act of 1992, California

Education Code section 47600 *et seq.*, and Defendant Willits Unified School District ("District") is the school district that approved the charter.

In August 2009, Plaintiff filed suit against Smith, the alleged molester; WCS; the District; and Sally Rulison, the principal of WCS. Plaintiff asserted three claims against the District: (1) violation of 42 U.S.C. § 1983; (2) violation of Title IX of the Education Amendments of 1972, *see* 20 U.S.C. § 1681(a); and (3) a state tort claim for negligent hiring and supervision. *See* Docket No. 1. All three of Plaintiff's claims against the District were based upon her allegation that the District had knowledge of the molestation and failed to take steps to protect plaintiff. Plaintiff contended that Gina Hirsch, a teacher employed by the District, had received multiple reports that Smith had molested plaintiff at a school party, and that Hirsch had failed to report the incident to the authorities as required by her status as a mandated reporter under the Child Abuse and Neglect Reporting Act, California Penal Code section 11164 *et seq*. Plaintiff argued that Hirsch had a duty to report the incident and had authority to take corrective action, and that her failure to do so was imputed to her employer, the District. *See* Docket No. 73.

In March 2010, in ruling on Defendants WCS and Rulison's Motion for Judgment on the Pleadings, Judge White dismissed *sua sponte* Plaintiff's first cause of action under Section 1983 against the District on the basis of Eleventh Amendment immunity. *See* Docket No. 31. In May 2010, the Court granted summary judgment in favor of the District on Plaintiff's remaining two claims, the Title IX claim and state tort claim. The Court found that Hirsch had not attended the party in her professional capacity or within the scope of her employment as a teacher for the District as required by California Penal Code section 11166, and therefore was under no legal obligation to report the alleged molestation that was reported to her there. Without being able to consider Hirsch's conduct, the Court concluded that there was no other legal relationship of responsibility or imputed knowledge of the alleged molestation to the District. *See* Docket No. 93.

On July 14, 2010, the Court entered judgment in favor of the District. Shortly thereafter, the District filed the present Motion for Attorneys' Fees. *See* Docket No. 143.

## II. ANALYSIS

In its motion, the District asks for an award of attorneys' fees pursuant to 42 U.S.C. Section 2000e-5(k) (Title VII of the Civil Rights Act of 1964). Docket No. 143 at 3. As Plaintiff did not bring any Title VII claims against the District, the Court presumes the District seeks an award pursuant to the fee provision applicable to Title IX claims, 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of…title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.]…the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.").

In determining whether the District should be awarded attorneys' fees under 42 U.S.C. § 1988, the Court applies the standard laid out by the Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). *Christiansburg* provides that "a district court may in its discretion award attorney's fees to a prevailing defendant…upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," or that the "plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 421-22; *see Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980) (*Christiansburg* standard applies in actions to which 42 U.S.C. § 1988 applies). A court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22. Importantly, a plaintiff's "inability to defeat summary judgment does not mean that [the] claims were groundless at the outset." *Karam v. City of Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003) (citing *Mitchell v. Office of Los Angeles County*, 805 F.2d 844, 847 (9th Cir. 1986)).

According to the District, Plaintiff had "no reasonable grounds" to bring suit against the District; WCS's charter, the Memorandum of Understanding (MOU) between WCS and the District, and state law regarding charter schools are clear that the District was a separate legal entity from WCS, and therefore not liable for the conduct of WCS or its employees. Docket No. 143 at 3. Further, the District argues that Plaintiff herself repeatedly contended that there was no legal relationship between the District and WCS. *Id.* at 3-4; *see e.g.* Docket No. 35, Plaintiff's Motion for Reconsideration of Defendants' Motion for Judgment on the Pleadings. However, as Plaintiff argued in her opposition to the District's motion for summary judgment, the District's liability in

3

this action was not premised on its responsibility for the actions of WCS employees.  It was premised on the actions of Hirsch, a *District* employee.  *See* Docket No. 73.  Given the nature of the allegations of Hirsch's knowledge of the abuse suffered by Plaintiff, Plaintiff's claims against the District cannot be said to have been frivolous, unreasonable, or groundless.

In her August 2009 Complaint, Plaintiff alleged upon information and belief that the District had knowledge of misconduct by Defendant Smith approximately three months prior to the escalation of Smith's assaults on Plaintiff.  Docket No. 1, ¶ 35.  Plaintiff also alleged facts regarding the 2008 party at which a Doe defendant (later named as Gina Hirsch) received reports about Smith's molestation of Plaintiff.  *Id.* at ¶¶ 20, 36; Docket No. 73, 2:21-23.

In connection with the District's motion for summary judgment, the parties submitted evidence that Hirsch had personally attended the June 2008 party, and that while she was there she received reports of Smith fondling plaintiff's buttocks from a student and a parent.  *See* Docket Nos. 74 & 88.  Plaintiff also submitted evidence that the party was an annual memorial gathering that had been actively promoted at WCS, and that a number of WCS teachers and a WCS board member had attended.  Docket No. 73, 3:6-4:19.

Plaintiff argued that because the school promoted and supported the social activity, Hirsch should be deemed to have been acting within the scope of her professional capacity or employment when she gained knowledge of Smith's abuse of Plaintiff at the party, and that her mandated duty to report abuse applied, regardless of whether Plaintiff attended Hirsch's school.  Docket No. 73, 16:6-15.  In response, the District submitted undisputed evidence that Hirsch had actually attended the party in her role as a parent of a student who attended WCS.  *See* Docket Nos. 87 & 88.  The Court concluded that Hirsch had not been in her professional capacity or within the scope of her employment as a teacher for the District while at the party.  Therefore, she did not qualify as a "child care custodian" in that context and was under no legal obligation to report the alleged molestation that was reported to her.

In granting the District's motion for summary judgment, the Court noted that "without being able to consider the conduct of Hirsch, the allegations made against the District cannot stand."  Docket No. 93, 4:9-11.  However, the Court's ultimate determination that the allegations could not

4

1    stand does not mean they were groundless at the outset.  Plaintiff alleged adequate facts in her
2    Complaint to make out a claim against the District, i.e., that the District had knowledge of Smith's
3    abuse of Plaintiff.  This allegation was subject to discovery into the circumstances and specifics
4    regarding the District's knowledge of the abuse.  The discovery process very well could have
5    revealed facts that would have led to a different conclusion about Hirsch's conduct.  Simply because
6    Plaintiff's assertions about the District's knowledge were not borne out by the evidence does not
7    mean her claims were frivolous, unreasonable, or without foundation.[1]  *See Karam,* 352 F.3d at 1196
8    (fact that evidence to support plaintiff's theory of liability "failed to materialize" during summary
9    judgment proceedings did not render claims groundless).  An "airtight" claim is not a prerequisite to
10   bringing suit.  *EEOC v. Bruno's Restaurant*, 13 F.3d 285, 290 (9th Cir. 1993), citing *Christiansburg*,
11   434 U.S. at 422.

12       Plaintiff's argument that Hirsch was within the scope of her mandated reporter duties at the
13   party was not frivolous or unreasonable.  The law regarding when a mandated reporter is within "his
14   or her professional capacity or within the scope of his or her employment" for purposes of the Child
15   Abuse and Neglect Reporting Act is not particularly well-developed.  In *Randi W. v. Muroc Joint*
16   *Unified School Dist.*, 14 Cal.4th 1066 (1997), the sole case cited by the District and relied upon by
17   the Court on this issue, a 13-year-old girl who had been sexually molested by her vice principal sued
18   his former employers and supervisors who had recommended the molester without divulging his
19   history of sexual abuse.  *Id.* at 1071-1072.  She alleged that the school districts were negligent *per se*
20   based upon the breach of their statutory duty to report prior incidents of sexual misconduct by the
21   molester.  *Id.* at 1073.  In rejecting the claim that the school districts were negligent *per se*, the
22   California Supreme Court held that the Child Abuse and Neglect Reporting Act "was intended to
23   protect only those children in the *custodial care* of the person charged with reporting the abuse, and
24   not all children who may at some future time be abused by the same offender."  *Id.* at 1087
25   (emphasis added).  Given that *Randi W.* involves facts that are clearly distinguishable from the facts

---

[1] Although *Christiansburg* allows for an award of fees to a prevailing defendant where the plaintiff continued to litigate *after* an action clearly became "frivolous, unreasonable, or groundless," Defendant did not make this argument in its motion, nor did it provide any factual information through which the Court could evaluate such an argument.

here, and that there is no case law interpreting the term "custodial care," it was not unreasonable for Plaintiff to conclude that she could fairly argue that Hirsch had a duty to report the incident at the party to the authorities. While this may be a weak argument, it does not follow that it is a frivolous one. *See Christiansburg*, 434 U.S. at 422 ("[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.")

Finally, in opposing the District's motion for attorneys' fees, Plaintiff argues that the law regarding the relationship between charter schools and their chartering authority "fall within a confusing and unresolved area of law." Docket No. 177 at 1. In this case, because the district court ruled that it could not consider Hirsch's conduct, it never reached the merits of Plaintiff's argument that Hirsch's knowledge of the abuse could be imputed to the District, had she been within the scope of her mandated reporter duties at the party. Although the WCS charter and the MOU contain statements that WCS and the District are separate legal entities, Plaintiff points to a number of other provisions in the agreements that require the District "to monitor the operation of WCS" and to forward complaints about WCS to the WCS Board of Directors. Plaintiff also points to California Education Code section 47607, which authorizes a revocation of a charter by its chartering authority for violations of law, which she argues impose an oversight requirement on the District, and accordingly, some level of responsibility for the school notwithstanding its status as a separate legal entity. Docket No. 177 at 3, 5-6.

Again, Plaintiff's argument that the District is legally responsible for the acts of WCS and its employees may be a "stretch" argument, but it is not a frivolous one. Questions about apparently competing provisions in the charter and MOU and their potential conflict with state law could rest on principles of contract interpretation, and could therefore be a reasonable ground upon which to bring suit against the District. Further, there is little case law interpreting state law provisions governing the relationship between charter schools and their chartering districts. *Wells v. One2One Learning Foundation*, 39 Cal.4th 1164 (2006), and *Knapp v. Palisades Charter High School*, 146 Cal. App. 4th 708 (2007), cited by the District to support its argument that it is not liable for the acts or omissions of WCS, address whether charter schools are "persons" for purposes of the California False Claims Act, and whether plaintiffs must comply with Tort Claims Act requirements prior to

1  filing suit against a charter school, respectively.  Neither addresses the unique situation of a school
2  district's liability for the failure of one of its employees to report the suspected sexual abuse of a
3  student attending a school chartered by the district.

### III. CONCLUSION

For the above reasons, this Court recommends that Defendant Willits Unified School District's motion for attorneys' fees be DENIED.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2.

Dated:  October 12, 2010

DONNA M. RYU
United States Magistrate Judge