1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

JANE DOE, a minor, through KRISTEN D.,
guardian ad litem,

10

Plaintiff,

No. C 09-03655 JSW

11

v.

12

WILLITS UNIFIED SCHOOL DISTRICT, ET
AL.,

**ORDER GRANTING WILLITS
CHARTER SCHOOL'S MOTION
FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION**

13

14

Defendants.

_____/

15

16        Now before the Court is the motion for summary judgment filed by defendants Willits

17    Charter School ("WCS") and Sally Rulison ("Rulison").  Having considered the parties'

18    pleadings, relevant legal authority, for the reasons set forth in the remainder of this Order, the

19    Court GRANTS Defendants' motion for summary judgment.

20                              **BACKGROUND**

21        Plaintiff brought a complaint against Defendants WCS, Rulison as principal of WCS,

22    Clint Smith, her teacher, and Willits Unified School District under 42 U.S.C. § 1983 and Title

23    IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as well as state claims for

24    negligent hiring and supervision and invasion of privacy.[1]

25        These claims arise from an allegation that Plaintiff and her teacher, Defendant Clint

26    Smith ("Smith"), engaged in a sexual relationship while Plaintiff was enrolled at WCS.

27

28

_____

[1] In the course of opposing the current motion for summary judgment, Plaintiff
abandoned her claim for invasion of privacy.  (*See* Opp. Br. at 40.)  Accordingly, the fifth
cause of action is dismissed without further analysis.

Plaintiff, who was fifteen years old at the time of the alleged conduct, attended WCS during the 2007-2008 and 2008-2009 school years.  (Compl. at ¶¶ 1, 18.)  Smith was employed by WCS as Plaintiff's teacher.  (Answer at ¶ 9.)

WCS is a charter school, located in Mendocino County, California, and is designated to administer laws and programs related to the education of children pursuant to a charter granted by the Willits Unified School District pursuant to the California Charter Schools Act of 1992.  (Compl. at ¶¶ 7, 9.)  WCS receives federal funding assistance.  (Answer at ¶ 16.)  Rulison was employed by WCS as its principal.   (Compl. at ¶ 8.)  Her official duties included implementing the policies of the Willits Charter School Board of Directors and overseeing day-to-day operations of the school.  (*Id.*)

Plaintiff was a minor student at WCS when she was allegedly subjected to repeated sexual molestation by her teacher Smith, beginning in March 2008 and continuing through January 2, 2009.  (*Id.* at ¶ 19.)  In June 2008, both Smith and Plaintiff attended a private party with other students and teachers from the school.  (*Id.* at ¶ 20.)  Smith became severely intoxicated and was observed momentarily cupping Plaintiff's buttocks in his hands.  (*Id.*)  There is evidence in the record that some parents observed or were told of the touching, but no admissible evidence that anyone, including Plaintiff's mother, informed the school administration.  In the months following the party, the evidence reveals that the inappropriate sexual relationship between Plaintiff and her teacher continued and escalated to repeated sexual conduct.  (*Id.* at 21.)  In January 2009, when she was told of the relationship, Rulison reported the relationship to Child Protective Services, she followed up personally when she did not hear back immediately, contacted the Sheriff, turned over the case to the Willits Police Department and placed Smith on mandatory administrative leave.  (Declaration of Sally Rulison ("Rulison Decl.") at ¶ 6; Declaration of Katherine A. Alberts ("Alberts Decl."), Ex. H at 21:1-19.)

On December 30, 2009, WCS and Rulison moved for judgment on the pleadings, challenging both the legal sufficiency of Plaintiff's Section 1983 claim against WCS and Rulison in her official capacity, as well as Plaintiff's Title IX claim against Rulison.  On March 8, 2010, the Court issued its order dismissing the Section 1983 claims as to defendants WCS

and Rulison in her official capacity on the basis that the charter school and official were immune from liability as agencies of the State under the Eleventh Amendment. The Court also dismissed the Title IX claim against Rulison on the ground that such liability does not extend to school officials as a matter of law.

On March 19, 2010, Plaintiff filed a motion for leave to file a motion for reconsideration of the Court's ruling dismissing the Section 1983 action against the charter school on the basis that new facts surfaced through discovery indicating that the school may not have received all funding from state sources. The Court granted the motion for leave to file the motion for reconsideration on this issue, but did not rule on the Eleventh Amendment immunity issue at that time.

On May 27, 2010, this Court granted defendant Willits Unified School District's motion for summary judgment and dismissed the defendant.

On June 30, 2010, Defendant Smith was dismissed from this action with prejudice by consent motion to dismiss filed by the parties.

The Court will address additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A.    Legal Standard on Motion for Summary Judgment.

A court may grant summary judgment as to all or a part of a party's claims. Fed. R. Civ. P. 56(a). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

United States District Court

For the Northern District of California

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.      Reconsideration of Charter School Eleventh Amendment Immunity Issues.**

Title 42 U.S.C. § 1983 provides the exclusive remedy for claims alleging violations of federal constitutional rights. *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 917 (9th Cir. 2003). Section 1983 provides, in relevant part, that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, ... subjects ... any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party." 42 U.S.C. § 1983 (emphasis added). "Accordingly, only those governmental entities which are "persons" within the meaning of § 1983 can be held liable under § 1983." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1442-43 (9th Cir. 1989).

"States or governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes are not persons within the meaning of § 1983." *Id.* at 1443 (citation omitted). The California State University system is an "arm of the state" for purposes of § 1983 and is therefore not considered a "person" subject to suit under § 1983. *Jackson v. Hayakawa*,

United States District Court

For the Northern District of California

682 F.2d 1344, 1350 (9th Cir. 1982). Determining whether a state agency is entitled to Eleventh Amendment immunity turns on the multi-factored balancing test summarized in *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). The *Mitchell* test examined the following factors to determine whether a state agency qualifies as an "arm of the state": (1) whether a money judgment would be satisfied out of state funds; (2) whether the entity performs central governmental functions; (3) whether the entity may be sue or be sued; (4) whether the entity has the power to take property in its own name or only the name of the state; and (5) the corporate status of the entity. *Id.* In *Belanger v. Madera Unified School Dist.*, the Ninth Circuit, employing the *Mitchell* test, concluded that the California school districts were "arms of the state" for purposes of the Eleventh Amendment. 963 F.2d 248, 251 (9th Cir. 1992).

The only remaining disputed issue is whether a money judgment against WCS would be satisfied out of state funds. The Court finds, as it did in its original order granting a school's motion for judgment on the pleadings, that state funds would be the source of any judgment for the charter school. The record demonstrates that, in conformity with state law entitlement, the funding for the charter school derives from California state funds. *See Wilson v. State Board of Education*, 75 Cal. App. 4th 1125, 1137 (1999); *see also* Cal. Educ. Code §§ 47630(a), 47622(c).

Accordingly, the motion for reconsideration is DENIED and Plaintiff's Section 1983 and state law claims fail for the independent reason that the charter school is not subject to suit under § 1983.[2]

---

[2] The Court addresses and dismisses Plaintiff's Title IX against WCS on the merits. The Court notes, however, that a similar substantive analysis would be an appropriate basis for dismissal of the Section 1983 claims even in the absence of this Court's Eleventh Amendment immunity finding. *See Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 454 (5th Cir. 1994) (en banc) (holding that a student can hold a supervisory school official liable for a subordinate's violation of the student's substantive due process right to bodily integrity against sexual abuse where she establishes: (1) the defendant supervisor learned of the facts or pattern of inappropriate sexual behavior pointing plainly toward the conclusion that the subordinate was sexually abusing the student; and (2) the defendant supervisor demonstrated deliberate indifference toward the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and (3) such failure caused a constitutional injury to the student).

**C.      Motion for Summary Judgment on Title IX Claim.**

Title IX of the Education Amendments of 1972 ("Title IX") provides in pertinent part that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a).  Title IX encompasses sexual harassment of a student by a teacher and is enforceable through an implied private right of action for damages against a school district.  *Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60, 75-76 (1992).[3] In a teacher to student sexual harassment case, the student must show that the harassing conduct was so severe or pervasive that the student was deprived of access to the education benefits provided by the school.  *See Stanley v. Trustees of the Cal. State Univ.*, 433 F.3d 1129, 1137 (9th Cir. 2006).  However, damages for a teacher's sexual harassment of a student may not be recovered "unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct."  *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 277 (1998).  Courts do not impose "liability on 'principles of *respondeat superior* or constructive notice,' instead demanding actual notice to an official of the defendant."  *Oden v. N. Marianas College*, 440 F.3d 1085, 1089 (9th Cir. 2006).  Accordingly, in order to proceed on a claim under Title IX for teacher-to-student harassment, "the student must establish: (1) she or he was subjected to a sexually hostile environment or quid pro quo sexual harassment; (2) she or he provided actual notice of the situation to an 'appropriate person,' who was, at a minimum, an official of the educational entity with authority to take corrective action and to end discrimination; and (3) the institution's response to the harassment amounted to 'deliberate

---

[3]  Pursuant to its power under section five of the Fourteenth Amendment, "Congress abrogated the States' Eleventh Amendment immunity under Title IX."  *Franklin,* 503 U.S. at 72.  Therefore, a school may be properly sued by its students for sexual harassment.  *See also* 42 U.S.C. § 2000d-7(a)(1) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for violation of ... title IX of the Educational Amendments of 1972.")  Therefore, regardless of the question of Eleventh Amendment immunity under Section 1983 and Plaintiff's state law claims, there is no question of such immunity for Plaintiff's Title IX claim against the charter school.

United States District Court

For the Northern District of California

1    indifference.'" *Garcia v. Clovis Unified School Dist.*, 627 F. Supp. 2d 1187, 1196 (E.D. Cal.

2    2009) (citing *Klemencic v. Ohio State Univ.*, 263 F.3d 504, 510 (6th Cir. 2001).)

3           There is no factual or legal dispute that sexual harassment took place in this instance.

4    The contested legal issues here are (1) whether Jane Doe provided actual notice of the situation

5    to an 'appropriate person,' who was, at a minimum, an official of the educational entity with

6    authority to take corrective action to end the discrimination and (2) whether the charter school's

7    response to the harassment amounted to "deliberate indifference."

8                    **a.      Notice.**

9           The express remedial scheme under Title IX is predicated upon notice to an appropriate

10   person and an opportunity to rectify any violation.  *See id.* at 290; 20 U.S.C. § 1682.  An

11   appropriate person is "an official of the recipient entity with authority to take corrective action

12   to end the discrimination."  *Id.*  The Court finds Defendants' argument unpersuasive that

13   Rulison was not endowed with final decision-making authority as her decisions were finally

14   reviewed by the school board.  Rulison, acting as principal of the school, had the authority to

15   take remedial action and, in fact did take remedial action, in this matter.  The only dispute is

16   whether Rulison was on notice of the harassment at a time earlier than the time she eventually

17   took remedial action.

18          Plaintiff contends that Rulison knew about the incident in June 2008 which Smith

19   grabbed Plaintiff's buttocks when he was severely intoxicated at a private party.  Although

20   there is evidence that two parents, Tamara Pearn and Gina Hirsch, were informed that Plaintiff

21   had been grabbed at the party and there is also evidence that Plaintiff's mother was present at

22   the scene, there is no evidence that any of the parents informed Rulison of the inappropriate

23   touching.  The evidence indicates that although Rulison was informed about Smith's

24   drunkenness at the party, she was not informed about the touching.  (Alberts Decl., Ex. H at

25   13:22-25. 27:16-28:8.)  Regardless, Rulison called Smith into her office to discuss the events at

26

27

28

United States District Court

For the Northern District of California

the private party and to reprimand him about his inappropriate drinking behavior.  (Declaration of Clinton Smith ("Smith Decl.") at ¶ 6; Alberts Decl., Ex. H at 32:14-33:15.)[4]

Although the Court finds that, viewed in the light most favorable to Plaintiff, the admissible evidence does not demonstrate that Rulison or any school official had actual knowledge of the ongoing inappropriate relationship between teacher and student, regardless, the Court would find that knowledge of the June 2008 party incident is insufficient as a matter of law to constitute knowledge of sexual harassment.  The record demonstrates that, in the presence of other students and parents, Smith inappropriately touched Plaintiff's buttocks briefly while severely intoxicated at a party.  In *Jojola*, where the principal knew that the suspect observed girls in the locker room through a hole in the wall, had made sexual comments to girls, was previously removed from a position due to inappropriate behavior with a preteen female student, and was transferred from a former school job for unhooking the brassieres of junior high school girls, the Tenth Circuit held knowledge of this behavior was insufficient to constitute actual knowledge by the school administration.  55 F.3d at 491.  In *Plumeau v. Yamhill County School Distr.*, 907 F. Supp. 1423, 1440 (D. Ore. 1995), the court held that the suspect's watching, holding hands, picking up, or hugging students did not plainly point toward the conclusion that he was sexually abusing children or alert school officials that they needed to investigate or remedy ongoing sexual abuse.  In *Jane Doe A v. Special School Dist. of St. Louis*, 901 F.2d 642, 644, 646 (8th Cir. 1990), the court held that isolated incidents of a bus driver kissing, fondling and snuggling students are not enough to prove actual knowledge plainly pointing to the conclusion that a defendant was engaged in sexual conduct with the plaintiff to overcome summary judgment.

---

[4]      In the alternative, Plaintiff argues Rulison had constructive knowledge of the inappropriate relationship based on the presence of rumors and general likelihood that the school administration must have heard about the relationship from others in the school community.  However, Plaintiff has failed to present sufficient, non-hearsay, evidence demonstrating that knowledge of the conduct was "so widespread or flagrant that in the proper exercise of its official responsibilities the governing body should have known of [it]." *Jojola v. Chavez*, 55 F.3d 488, 491 (10th Cir. 1995) (citing *Thelma D. ex rel. Delores A. v. Board of Educ.*, 934 F.2d 929, 933 (8th Cir. 1991) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987))).

United States District Court

For the Northern District of California

1   Considering the number and gravity of other inappropriate behaviors which courts have

2   found not to constitute actual knowledge by the school administration, this Court cannot find

3   that, while inappropriate, one isolated touch by Smith while severely intoxicated is enough to

4   constitute actual knowledge on the part of the administration even if they had been so informed.

5   **b.    Deliberate Indifference.**

6   Notwithstanding whether the school administration had actual knowledge of Smith's

7   ongoing sexual harassment, Plaintiff must be able to demonstrate that officials were deliberately

8   indifferent to the knowledge they received.

9   A school's response amounts to "deliberate indifference" when it is "clearly

10   unreasonable in light of the known circumstances" such that the "official decision ... [is] not to

11   remedy the violation." *Oden*, 440 F.3d at 1089 (citing *Gebser*, 524 U.S. at 290). "Deliberate

12   indifference" is a high standard that requires conduct beyond mere negligence. *See Baynard v.*

13   *Malone*, 268 F.3d 228, 236 (4th Cir. 2001). Courts have uniformly held that deliberate

14   indifference is the failure to act, not merely inept or ineffective actions taken by officials. *See*

15   *Garcia v. Clovis Unified School Dist.*, 627 F. Supp. 2d 1187, 1196-97 (E.D. Cal. 2009) (holding

16   that a school is not deliberately indifferent simply because the response did not remedy the

17   harassment or because the school did not utilize a particular discipline); *Doe v. Benecia Unified*

18   *School Dist.*, 206 F. Supp. 2d 1048, 1056 (E.D. Cal. 2002) (holding that ineffective or mistaken

19   responses do not constitute deliberate indifference); *see also Gebser*, 524 U.S. at 290-91. The

20   Ninth Circuit has held that even a nine-month delay in convening a hearing to formulate a

21   response to the harassment was not more than "negligent, lazy, or careless" and there was no

22   evidence in the record that the delay caused further injury to plaintiff or was a deliberate

23   attempt to sabotage her complaint or its orderly resolution. *See Oden*, 440 F.3d at 1089; *see*

24   *also Escue v. Northern Oklahoma College*, 450 F.3d 1146, 1155 (10th Cir. 2006) (holding that

25   although the school could have taken more aggressive action against a teacher, school

26   administrators need not engage in a particular disciplinary action and victims do not have a

27   right to seek particular remedial demands).

28

United States District Court

For the Northern District of California

1      In this matter, in response to her knowledge of Smith's inappropriate public drunkenness

2   at a party attended by students and parents in June 2008, Rulison brought Smith in to her office

3   to reprimand him for his behavior.  (Smith Decl. at ¶ 6; Alberts Decl., Ex. H at 32:14-33:15.)  In

4   response to notice in January 2009 that Smith had engaged in a sexual relationship with his

5   student, Rulison reported the relationship to Child Protective Services, followed up personally

6   when she did not hear back immediately, contacted the Sheriff, turned over the case to the

7   Willits Police Department and placed Smith on mandatory administrative leave.  (Rulison Decl.

8   at ¶ 6; Alberts Decl., Ex. H at 21:1-19; Smith Decl. at ¶¶ 10-11.)  The Court finds that Rulison's

9   proactive response does not amount to deliberate indifference.

10      Based on the undisputed and admissible facts, the Court finds that there was insufficient

11   notice to the school administration of the sexual relationship earlier, and even to the extent there

12   is any dispute that notice was given prior to January 2009, there is no authority for the argument

13   that the specific particular behaviors observed led to the conclusion of actual knowledge of

14   sexual harassment.  Further, the record indicates that the school administration did not act with

15   deliberate indifference upon learning of the inappropriate sexual relationship between Plaintiff

16   and her teacher.  Accordingly, summary judgment against WCS under Title IX is GRANTED.[5]

### CONCLUSION

18      For the foregoing reasons, the Court GRANTS Defendants Willits Charter School and

19   Sally Rulison's motion for summary judgment.  The Clerk may close the file.  A separate

20   judgment shall follow.

21      **IT IS SO ORDERED.**

22

23   Dated:  November 29, 2010                                              _____

24                                                                                       JEFFREY S. WHITE
                                                                                          UNITED STATES DISTRICT JUDGE

25

26

27

28      [5] The same analysis applies to Plaintiff's claim under California Education Code §
200 and is dismissed on the same bases.  *See, e.g., Donovan v. Poway Unified Sch. Dist.*, 167
Cal. App. 4th 567, 605 (2008).